IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LEO BAILEY, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:21-CV-847-WHA-SMD |
| ANN DAVIS, | ) ) ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Daniel Leo Bailey, Sr. filed this pro se 42 U.S.C. § 1983 action on or around December 30, 2021. *See* Doc. 1. On January 3, 2022, the Court issued two separate Orders that, among other things, instructed Plaintiff that he must immediately inform the Court of any change in his address. Docs. 3 at 2-3, 4 at 3. In both Orders, the Court specifically cautioned Plaintiff that his failure to provide a correct address to the Court within ten (10) days following any change of address would result in dismissal of this action. *Id.* The docket reflects that Plaintiff received a copy of each of those Orders. Nevertheless, it appears that Plaintiff is no longer located at the last service address on record with the Court.[1]

On February 24, 2022, the Court issued an Order (Doc. 10), which the Clerk attempted to mail to Plaintiff. However, on March 7, 2022, the postal service returned this document as undeliverable and with the following notation: "Return to Sender; Refused;

---

[1] The last service address on record for Plaintiff is the Chilton County Jail in Clanton, Alabama.

Unable to Forward; Out of Jail." Accordingly, on March 9, 2022, the Court issued an Order informing Plaintiff that this case cannot proceed if his whereabouts remain unknown and directing him to show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 11. The Court again cautioned Plaintiff that if he failed to respond to the March 9 Order, the undersigned would recommend that this case be dismissed. *Id.* at 1. The Clerk again attempted to mail Plaintiff a copy of that Order; however, on March 18, 2022, the postal service again returned the document as undeliverable. Thus, to date, Plaintiff has failed to comply with any of the Court's orders regarding his change of address.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where the Court has made multiple attempts to contact Plaintiff but his whereabouts remain unknown, the undersigned finds that sanctions

lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **April 20, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of April, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE